UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY RAY HOLMAN,

        Plaintiff,

   v.                                        Case No. 04-C-0792

ELSA HORN, *et al.*,

        Defendants.

LARRY RAY HOLMAN,

        Plaintiff,

   v.                                        Case No. 05-C-0009

DEANNA NAKADA, *et al.*,

        Defendants.

**ORDER**

Plaintiff Larry Ray Holman, who is incarcerated at New Lisbon Correctional Institution, filed these consolidated *pro se* civil rights complaints pursuant to 42 U.S.C. § 1983. This order addresses six pending motions, all filed by plaintiff.

Plaintiff filed a "Motion to Reconsiderate and Motion for Relief" (Docket #101) on April 26, 2005, and a "Motion of Request to Amend All Summary Judgment Package" (Docket #104) on April 27, 2005. Both motions, in essence, seek leave to file another motion for summary judgment in case number 04-C-0792. Dispositive motions in that case were due on March 18, 2005. Plaintiff

has a motion for summary judgment (Docket #50) currently pending before this court. That motion was timely filed and will be considered on its merits. Neither Docket #101 nor Docket #104 establishes good cause for the court to alter the scheduling order to allow plaintiff to file another motion. Accordingly, both motions will be denied.

Plaintiff has moved for reconsideration of the court's Order of April 22, 2005, insofar as it denied plaintiff's "Motion for Discovery" (Docket #28) because plaintiff had not conferred with opposing counsel as required by Civil L.R. 37.1. Plaintiff states in his motion for reconsideration (Docket #108) that he has conferred with opposing counsel and that the parties cannot reach an accord on their discovery dispute. The "Motion for Discovery" pertains to Case No. 04-C-0792, discovery in which closed on February 18, 2005. Plaintiff did not file his motion for reconsideration until May 5, 2005–nearly three months after discovery closed. That alone would be grounds for denying the motion for reconsideration. However, plaintiff's "Motion for Discovery" suffers from a more fundamental defect. It is not a motion at all. The "Motion for Discovery," liberally construed, consists of thirteen[1] requests for admission directed at defendants. It does not request any action on the part of the court. Because plaintiff's "Motion for Discovery" was not a motion and did not request action by the court, it was properly denied, and plaintiff's motion for reconsideration will be denied as well.

Plaintiff has also filed a motion (Docket #114) asking for an injunction in the nature of mandamus ordering Cathy Farrey, the Warden of the New Lisbon Correctional Institution, to extend his legal loans. Ms. Farrey is not a party to this case and has not been served with process. The

---

[1] All of the requests for admission are compound and therefore liable to a proper objection under Fed. R. Civ. P. 36(a) ("Each matter of which an admission is requested shall be separately set forth.").

court therefore lacks personal jurisdiction over her. Moreover, the statute cited by plaintiff in support of his request, 28 U.S.C. § 1361, gives the court jurisdiction only over actions to enjoin federal officials. Ms. Farrey is a state official. Accordingly, plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion to Reconsiderate and Motion for Relief" (Docket #101), "Motion of Request to Amend All Summary Judgment Package" (Docket #104), motion for reconsideration (Docket #108), and "Motion to Compel" (Docket #114) are hereby **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #111) and motion for relief (Docket #116) are summarily **DENIED** as redundant pursuant to the court's Order of April 22, 2005.

Dated this   18th   day of July, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge