UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY RAY HOLMAN,

    Plaintiff,

v.                                                 Case No. 04-C-0792

ELSA HORN, *et al.*,

    Defendants.

---

LARRY RAY HOLMAN,

    Plaintiff,

v.                                                 Case No. 05-C-0009

DEANNA NAKADA, *et al.*,

    Defendants.

**ORDER**

    The pro se plaintiff, a state prisoner at all relevant times, brought two civil actions in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. On August 24, 2004, the plaintiff was granted leave to proceed in forma pauperis in the first action. Leave was granted in the second action on January 10, 2005, and the court consolidated the cases on the same day. The court subsequently granted summary judgment in favor of all defendants in both cases on September 22, 2005. The plaintiff filed a notice of appeal on September 26, 2005, and currently before the court is the plaintiff's request for leave to proceed in forma pauperis on appeal.

A plaintiff who was allowed to proceed in forma pauperis in the district court does not ordinarily need to provide reasons for an appeal. *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir.1999). However, when IFP status has been denied, the appellant must file a motion that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).

There are three grounds for denying in forma pauperis status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g).

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California,* 386 U.S. 738 [1967]); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's request to proceed in forma pauperis before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this court does not find any indication that the plaintiff's appeal is not taken in good faith. Thus, I will grant the plaintiff's request to proceed in forma pauperis on appeal.

Under the PLRA, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $255.00 filing fee in advance

for an appeal, he or she can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less.

Along with his original request to proceed in forma pauperis, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff is required to pay an initial partial filing fee of $3.64. Subsequent payments will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this appeal

is later dismissed for any of the above reasons, it will have an impact on the plaintiff's ability to bring other actions in forma pauperis.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis on appeal is hereby **GRANTED,** because this court determines that this appeal has not been taken in bad faith.

**IT IS FURTHER ORDERED** that plaintiff submit the initial partial filing fee of $3.64 to the clerk of court within 21 days of the date of this order. Failure to do so may result in dismissal.

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee ($255) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Charles D. Hoornstra, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Both plaintiff and Defendant Nakada have requested that certain documents be included in the appeal record. Their requests (Docket #168 and #169) are hereby **GRANTED.** The clerk of court shall include the items identified by the parties in the appeal record.

Dated this 7th day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
